GERBER, J.
 

 The circuit court entered a final judgment in favor of the appellee contractor on its lien foreclosure action against the appellant owner. In this appeal, the owner argues that the contractor did not satisfy a statutory condition precedent of identifying an unpaid material supplier in the contractor’s final payment affidavit. We find, pursuant to section 713.06(3)(d)l., Florida Statutes (2007), that the contractor did not need to identify the material supplier in the affidavit because the material supplier did not serve a notice to owner. Therefore, we affirm.
 

 Section 713.06(3)(d)l. provides, in pertinent part:
 

 When the final payment under a direct contract becomes due ...:
 

 1. The contractor shall give to the owner a final payment affidavit stating, if that be the fact, that all lienors under his or her direct contract
 
 who have timely served a notice to owner on the owner and the contractor
 
 have been paid in full or, if the fact be otherwise, showing the name of
 
 each such lienor
 
 who has not been paid in full and the amount due or to become due each for labor, services, or materials furnished....
 

 The contractor shall have no lien or right of action against the owner for labor, services, or materials furnished under the direct contract while in default for not giving the owner the affidavit. ...
 

 § 713.06(3)(d)l., Fla. Stat. (2007) (emphasis added).
 

 According to the owner, the contractor did not comply with section 713.06(3)(d)l. because the contractor’s final payment affidavit did not identify the contractor’s material supplier, which filed its own lien against the owner. The circuit court rejected the owner’s argument. The court reasoned that the owner was in privity with the material supplier and, therefore, the owner was on notice of its obligation to pay the material supplier.
 

 We agree with the owner that no competent, substantial evidence exists to support the circuit court’s reasoning that the owner was in privity with the material supplier. Despite this wrong reasoning, however, we find that the circuit court still reached the right result.
 
 See Dade Cnty. Sch. Bd. v. Radio Station WQBA,
 
 731 So.2d 638, 644 (Fla.1999) (“[I]f a trial court reaches the right result, but for the wrong reasons, it will be upheld if there is any basis which would support the judgment in the record.”). Competent, substantial evidence exists to support the conclusion that the material supplier never served a notice to owner on the owner, and the plain language of section 713.06(3)(d)l. requires that the contractor identify only lienors “who have timely served a notice to owner on the owner.” Therefore, the contractor was not required to identify the material supplier in the final payment affidavit.
 

 The owner cites to
 
 Craftsman Contractors, Inc. v. Brown,
 
 695 So.2d 750 (Fla. 1st DCA 1997), for the proposition that a contractor’s final payment affidavit must identify all lienors, regardless of whether the lienors timely served a notice to owner.
 
 Id.
 
 at 751. We find that the owner’s reli-
 
 *1218
 
 anee on
 
 Craftsman
 
 is misplaced. The first district decided
 
 Craftsman
 
 based on a pre-1998 version of section 713.06(3)(d)l. The pre-1998 version merely stated, in pertinent part, that “[t]he contractor shall give to the owner an affidavit stating, if that be the fact, that all lienors have been paid in full or, if the fact be otherwise, showing the name of each lienor who has not been paid in full.” In 1998, the legislature amended section 713.06(3)(d)l. to insert language that “[t]he contractor shall give to the owner a final payment affidavit stating, if that be the fact, that all lienors under his or her direct contract
 
 who have timely served a notice to owner on the owner and the contractor
 
 have been paid in full or, if the fact be otherwise, showing the name of each
 
 such
 
 lienor who has not been paid in full.” (emphasis added). In light of the amendment, we question whether
 
 Craftsman
 
 remains viable precedent for the proposition that a contractor’s final payment affidavit must identify lien-ors who have not served a notice to owner.
 

 At oral argument, the owner sought to overcome its citation to
 
 Craftsman
 
 by relying upon the second clause in section 713.06(3)(d)l. That clause states, in pertinent part, “or, if the fact be otherwise, showing the name of each such lienor who has not been paid in full.” Because that clause does not include the first clause’s reference to lienors “who have timely served a notice to owner,” the owner argues that, with respect to unpaid lienors, the contractor must identify those lienors regardless of whether they timely served a notice to owner or not.
 

 We disagree. Another amendment which the legislature made to section 713.06(3)(d)l. in 1998 was to insert the word “such” into the second clause so that the clause reads “or, if the fact be otherwise, showing the name of each
 
 such
 
 lienor who has not been paid in full.” (emphasis added). The phrase “each
 
 such
 
 lienor” plainly refers back to the first clause’s reference to “lienors under his or her direct contract who have timely served a notice to owner on the owner and the contractor.” Thus, the purpose of the second clause is to require contractors to identify all lienors “who have timely served a notice to owner” and who have not been paid in full.
 

 Even if the contractor negligently omitted the material supplier from the final payment affidavit, the lien still would be valid here. Yet another amendment which the legislature made to section 713.06(3)(d)l. in 1998 was to insert the statement that “the negligent inclusion or omission of any information in the affidavit which has not prejudiced the owner does not constitute a default that operates to defeat an otherwise valid lien.” We find competent, substantial evidence in the record to support the conclusion that the contractor’s omission of the material supplier from the final payment affidavit did not prejudice the owner here.
 

 We reject the owner’s remaining arguments without further comment.
 

 Affi'rmed.
 

 TAYLOR, J., and ROSENBERG, ROBIN, Associate Judge, concur.